NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JAN 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELIZABETH LOPEZ; JACQUELINE AREVALO,

Plaintiffs-Appellants,

v.

NATIONAL CITY; et al.,

Defendants-Appellees,

and

STATE FARM INSURANCE; DOES, 1-25,

Defendants.

No.  20-56392

D.C. No.
3:19-cv-00066-L-BGS

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted December 6, 2021**
Pasadena, California

Before:  M. SMITH, LEE, and FORREST, Circuit Judges.
Concurrence by Judge LEE

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Elizabeth Lopez and Jacqueline Arevalo appeal from the district court's order granting summary judgment in favor of National City and City Inspector Luis Sainz. We have jurisdiction under 28 U.S.C. §§ 1331, 1367, and 1291. We review the district court's order granting summary judgment de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We affirm.

The district court correctly denied Lopez and Arevalo's federal due process claim. The government did not deny them their property because Sainz lacked authority to order demolition of Lopez and Arevalo's home. *Kerley Indus., Inc. v. Pima Cty.*, 785 F.2d 1444, 1446 (9th Cir. 1986). Even though Lopez and Arevalo mistakenly believed Sainz had such authority, they—not the government—ultimately ordered the demolition. *Guatay Christian Fellowship v. Cty. of San Diego*, 670 F.3d 957, 984 (9th Cir. 2011).

The district court also correctly denied Lopez and Arevalo's "class of one" federal equal protection claim. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (A "class of one" plaintiff must show "that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."). Lopez and Arevalo failed to prove they were similarly situated to Jerry Cano. Although both properties had building code violations, Cano's violations were merely technical, while Lopez and Arevalo's structural violations presented a threat to public safety.

We also affirm the district court's denial of Lopez and Arevalo's due process and equal protection claims under the California Constitution because these state claims are identical to the federal claims. *Owens v. City of Signal Hill*, 201 Cal. Rptr. 70, 72 n.2 (Cal. Ct. App. 1984) (explaining that California's due process clause is "identical in scope with the federal due process clause."); *Serrano v. Priest*, 557 P.2d 929, 949 (Cal. 1976) (en banc) (analysis of equal protection claims under the federal and California constitutions is the same).

**AFFIRMED.**

20-56392, *Lopez v. National City*
Lee, Circuit Judge, concurring.

Our Constitution protects a wide array of rights but it cannot remedy every injustice.  And so it is here: the government unfairly intimidated Elizabeth Lopez and her daughter, Jacqueline Arevalo, into demolishing their home.  But as detailed in the memorandum disposition, it did not violate their rights to due process or equal protection.  I write separately to emphasize that the government must serve the people, not bully and browbeat them.

Like thousands of Americans, Ms. Lopez, along with her daughter, decided to remodel their fixer-upper home.  To fund this project, she tapped into her 401K account and took out a home equity loan.  She received building permits and moved forward with the project, which included a kitchen remodel, an addition to the main house, and the conversion of the basement into livable space.

Unfortunately, city inspectors on September 13, 2017 discovered that 75% of the house lacked foundation and that electric/gas meters were hanging precariously.  Luis Sainz, an inspector at National City, ordered construction stopped because of the unsafe conditions.  The day after that inspection, Ms. Lopez talked to him about how to fix the house's foundation. He advised her to hire a shoring contractor and demanded a shoring plan by September 18*, i.e.,* within *two business days*. He claimed that once the city mailed a demolition letter, the house would "need to come

1

down immediately" or "otherwise the city would take over [the demolition] and it would cost [Lopez] three times as much" and "a lien would be put on the property."

Ms. Lopez called several shoring contractors, but the earliest that anyone could provide a shoring plan was September 20. When Ms. Lopez and her daughter met with Inspector Sainz on September 18, he refused to give an extension beyond September 20 and claimed that a demolition letter would be sent the next day if they did not provide a shoring plan by the end of the day. He also asserted that if they received the letter, the house must be demolished immediately.

Ms. Lopez never contacted a shoring contractor again because she believed there was not enough time. And she mistakenly assumed that the city had sent a demolition letter. The next day, the City's Director of Emergency Services gave Ms. Lopez a list of companies to contact if the home had to be demolished immediately. Ms. Lopez called one of the names on the list, Anabel Montoya, to discuss saving the house.

On September 20, Montoya met with Inspector Sainz, who told him that the house needed to be demolished immediately and asked for demolition plans by day's end. Montoya submitted the plans to Inspector Sainz, who immediately approved them. Ms. Lopez and Ms. Arevalo then had the house demolished on September 23.

2

But the house did not have to be demolished. Inspector Sainz lacked the authority to order the demolition. Moreover, no demolition letter was ever sent. But based on their conversation with Inspector Sainz, Ms. Lopez and Ms. Arevalo mistakenly believed that their house had to be demolished immediately. They also did not know that they could appeal any order to demolish a home. No one informed them of their right to appeal any demolition order.

Despite the injustice they suffered, Ms. Lopez and Ms. Arevalo do not have a claim under the due process clause or the equal protection clause. They ultimately acted on their own in moving forward with the demolition, so it does not implicate any governmental action. But Ms. Lopez and Ms. Arevalo—and the people of National City—deserve better.